Fred T. Wiese, Jr. and Joan Wiese v. Commissioner. Fred T. Wiese, Jr. v. Commissioner.
Wiese v. Commissioner
Docket Nos. 4306-66, 4307-66.
United States Tax Court
T.C. Memo 1968-109; 1968 Tax Ct. Memo LEXIS 188; 27 T.C.M. (CCH) 531; T.C.M. (RIA) 68109; June 10, 1968. Filed *188 Held: Petitioners have failed to prove that they provided more than one-half of the support for any of three minor children during any of the years in issue, and, therefore, are not entitled to deductions for personal exemptions. Secs. 151(a), 151(e), and 152(a), I.R.C. 1954. Fred T. Wiese, Jr., pro se, 4901 Royal Villa Dr., Sacramento, Calif. Joel A. Sharon and James Booher, for the respondent. HOYT
Memorandum Findings of Fact and Opinion *189 HOYT, Judge: The respondent determined deficiencies in petitioners' income tax and added penalties, as follows: *13
Docket No. 4307-66
Docket No. 4306-66 *13 Petitioner(s)
Fred T. Wiese, Jr.
Fred T. Wiese, Jr. andJoan Wiese
Year
1961
1962
1963
Deficiency
$403
$626.68
$540.00
Tax penalty See. 6653(a)
0
31.33
27.00 The cases have been consolidated by prior order of Court. The amounts shown above reflect compromises and adjustments agreed to between the parties made prior to issuance by the Commissioner of his notice of deficiency. The parties have agreed that in the event this Court determines the existence of deficiencies, the penalties asserted pursuant to section 6653(a) [1] for 1962 and 1963 are proper. The deficiencies in dispute all stem from respondent's disallowance of deductions for personal exemptions taken by petitioners during the years in issue. The question presented for decision is whether petitioner Fred T. Wiese, Jr., furnished more than one-half of the support for his three minor children in the years before us so as to be entitled to dependency exemptions for [all of] them or any of them. *190 Findings of Fact Those facts which have been stipulated are so found and incorporated herein by this reference. Docket No. 4307-66 covers the taxable years 1961 and 1962. For the taxable year 1961, Fred T. Wiese, Jr., and his second wife, Eve, timely filed a joint income tax return with the district director of internal revenue at San Francisco, California. For the taxable year 1962, Fred timely filed an individual income tax return with the district director of internal revenue at San Francisco, California. Docket No. 4306-66 covers the taxable year 1963, in which Fred and his third wife, Joan, timely filed a joint income tax return with the district director of internal revenue at San Francisco, California. For the years 1961 and 1962, the Commissioner addressed his statutory notice of deficiency to Fred alone, determining his separate liability in connection with the 1961 joint return he filed with Eve and his own 1962 individual return filed as a single person; Fred is petitioner in Docket No. 4307-66. The 1963 notice was sent to Fred and Joan, determining a deficiency with respect to the joint return they filed for that year, 532 and they are copetitioners in Docket *191 No. 4306-66. When the singular "petitioner" is used herein reference is being made to Fred; when the plural "petitioners" is used, reference is being made to Fred and Joan. Joan, however, is a copetitioner herein only because she filed a joint return for 1963 with Fred. At the time the petitions were filed with this Court, petitioners, Fred and Joan Wiese, were husband and wife and resided at Sacramento, California. Fred and his first wife, Faye, were married in December, 1945. Following their divorce in 1957, custody, care, and control of their three children - Patricia, John Philip and Gary - were granted to Faye. Fred married Eve Logan, his second wife, on May 25, 1958. This union also ended in divorce, with a final decree being issued on April 16, 1963. Later that year, Fred again entered into the bonds of matrimony, this time with the former Joan Bell. Fred was employed as a salesman of heavy-duty logging and earth-moving equipment. During the years in issue, the three children resided with their mother, Faye, at her home at Sacramento, California. In 1961 Patricia was 14, John Philip was 12 and Gary was 11. At that time and throughout the years before us, Faye was employed *192 as Dean of Girls at a junior high school. In 1959, Faye, had married Joseph Nevels. Although they were divorced in May of 1963, Joseph resided in the same household with Faye and the three children during all of 1961, nine months of 1962, and three months of 1963. Petitioner did not have care, custody, and control of the children, but he did visit with them, have them visit him, and contributed to their support in various ways. He paid the following amounts to Faye as contributions toward their support: Year
Amount
1961
$2,210
1962
1,965
1963
2,200
Respondent has conceded on brief that petitioner made the following contributions toward the support of the children: 1961
Gary
John Philip
Pat
Cash
$ 30.00
$ 30.00
$ 30.00
Gifts and clothing
150.00
150.00
150.00
Food, shelter, and vacations 100.00
100.00
400.00
$ 280.00
$ 280.00
$ 580.00
Plus one-third of the child support payments 736.66
736.66
736.66
Total $1,016.66
$1,016.66
$1,316.66
1962
Gary
John Philip
Pat
Cash
$ 40.00
$ 40.00
$ 40.00
Gifts and clothing
150.00
150.00
150.00
Food and shelter
75.00
75.00
75.00
Vacations 70.00
70.00
500.00
$ 335.00
$ 335.00
$ 765.00
Plus one-third of the child support payments 655.00
655.00
655.00
Total $ 990.00
$ 990.00
$1,420.00
1963
Gary
John Philip
Pat
Cash
$ 40.00
$ 50.00
$ 70.00
Gifts and clothing
150.00
150.00
150.00
Food and shelter
75.00
75.00
75.00
Vacations 70.00
70.00
70.00
$ 335.00
$ 345.00
$ 365.00
Plus one-third of the child support payments 733.33
733.33
733.33
Total $1,068.33
$1,078.33
$1,098.33
*193 533 During the years in issue, Faye's salary was as follows: 1961
$8,581
1962
9,308
1963
9,425
Joseph's salary for the first two years of the period here involved was as follows: 1961
$6,519.96
1962
6,330.00
Faye's monthly check was deposited in their checking account and was used to pay the bills and satisfy other household obligations. Joseph's weekly check took care of such day-to-day expenses as groceries and gasoline. For all practical purposes, both incomes were used to support the five members of the family. The home in which the children lived with Faye and Joseph was purchased by Faye in 1956. Located at Sacramento, California, the 3-bedroom, 2-bath house was fully furnished and had cost Faye $18,950. Its fair rental value, based on rentals of similar homes in the neighborhood, was $190 per month, and therefore Faye and Joseph contributed $456 support per child for lodging in 1961, $480 in 1962, and $536.47 in 1963. The amounts differ because Joseph lived with Faye and the children for all of 1961, three-fourths of 1962, and only onefourth of 1963; adjustment has been made accordingly to reflect the size of the household *194 as it varied from time to time. Faye also paid for all utilities used in the home. Water cost $5.50 every two months during the years in question; garbage disposal $3.20 every two months; heating $137.50 per year; electricity $100 per year and telephone $90 per year. The total cost of utilities was $379.70 per year, or $75.94 per child in 1961, $79.94 in 1962, and $89.34 in 1963. Faye and Joseph paid premiums for the children's health insurance of $16 per month during the years in question. She also took care of various expenses incurred by the children for treatment by doctors and dentists, and hospital work. Those amounts were as follows: 1961
1962
1963
Gary
$137.50
$305.80
$137.50
John Philip
137.50
252.30
137.50
Pat
137.50
137.50
137.50
Faye and Joseph also paid expenses for food and household items, laundry, toiletries, et cetera. That amount was $60 per week, or $3,000 per year. Allocated equally among the children and adjusted according to the number of people living in the house, those amounts came to $600 per child in 1961, $631.58 in 1962, and $705.88 in 1963. The children were given spending money during the years in question *195 by Joseph and Faye to cover such items as school lunches, entertainment, and recreation. That amount was $4 per week per child, or $208 per child for each of the years in issue. Educational expenses, including school supplies, school outings, and books, in the amount of $55 per child per year were also paid by Faye and Joseph. Transportation expenses were also incurred in taking the children to their activities and appointments. Faye and Joseph spent $1,000 in 1961 and an equal amount in 1962 operating two cars, 40 percent of which was for the benefit of the children; in each of those years, $133.33 per child was spent on transportation. In 1963, when only one car was operated, the cost was $600. The children benefited from its use 50 percent of the time that year, and, accordingly, $100 was spent per child on transportation in 1963. Faye and Joseph supplied the children with clothing during the years in question. The cost of clothing per child was $325 per year. Further sums toward the support of the children were spent during the years in question by Faye and Joseph for such items as vacations, entertainment, haircuts, dues, subscriptions, daily expenses, and other such miscellaneous *196 items. That amount came to $200 per child per year. The bulk of that expense went toward recreation and vacations. Faye bought a vacation cabin near Lake Tahoe in 1960 for $7,500. It was used frequently by the entire family on weekends and during the summer. Its fair rental value was $75 per month or $900 per year. The amount of $180 per year per child is properly allocated to the use of the cabin since all five family members used it regularly. In 1961 Pat earned $75 baby-sitting for a woman who was going to summer school. Pat was 13 years old at the time, and used the money primarily for clothing for herself. Faye and Joseph thus contributed the following amounts to the support of the children during the years in issue: 534 *13 1961
Gary
John Philip
Pat
Lodging
$ 456.00
$ 456.00
$ 450.00
Utilities
75.94
75.94
75.64
Health insurance
64.00
64.00
64.00
Medical and dental care
137.50
137.50
137.50
Food and household expenses
600.00
600.00
600.00
Recreation and entertainment
208.00
208.00
208.00
Education expenses
55.00
55.00
55.00
Transportation expenses
133.33
133.33
133.33
Clothing
325.00
325.00
325.00
Miscellaneous
200.00
200.00
200.00
Cabin 180.00
180.00
180.00
$2,434.77
$2,434.77
$2,434.77
Less support payments made by petitioner to Faye (736.66)
(736.66)
(736.66)
Total expended by Faye and Joseph $1,698.11
$1,698.11
$1,698.11
*197 04,00,15,15,15 *13 1962
Gary
John Philip
Pat
Lodging
$ 480.00
$ 480.00
$ 480.00
Utilities
79.94
79.94
79.94
Health insurance
64.00
64.00
64.00
Medical and dental care
305.80
252.30
137.53
Food and household expenses
631.58
631.58
631.58
Recreation and entertainment
208.00
208.00
208.00
Education expenses
55.00
55.00
55.00
Transportation expenses
133.33
133.33
133.33
Clothing
325.00
325.00
325.00
Miscellaneous
200.00
200.00
200.00
Cabin 180.00
180.00
180.00
$2,662.65
$2,609.15
$2,494.38
Less support payments made by petitioner to Faye (655.00)
(655.00)
(655.00)
Total expended by Faye and Joseph $2,007.65
$1,954.15
$1,839.38
04,00,15,15,15 *13 1963
Gary
John Philip
Pat
Lodging
$ 536.47
$ 536.47
$ 536.47
Utilities
89.34
89.34
89.34
Health insurance
64.00
64.00
64.00
Medical and dental care
137.50
137.50
137.50
Food and household expenses
705.88
705.88
705.88
Recreation and entertainment
208.00
208.00
208.00
Education expenses
55.00
55.00
55.00
Transportation expenses
100.00
100.00
100.00
Clothing
325.00
325.00
325.00
Miscellaneous
200.00
200.00
200.00
Cabin 180.00
180.00
180.00
$2,601.19
$2,601.19
$2,601.19
Less support payments made by petitioner to Faye (733.33)
(733.33)
(733.33)
Total expended by Faye and Joseph $1,867.86
$1,867.86
$1,867.86
*198 Combining all sources of support for the three children during the years in issue, the following table reflects total support as established by the evidence: *13 1961
Gary
John Philip
Pat
Amount furnished by petitioner
$1,016.66
$1,016.66
$1,316.66
Amount furnished by Faye and Joseph
1,698.11
1,698.11
1,698.11
Amount furnished by dependent 0
0
75.00
Total support
$2,714.77
$2,714.77
$3,089.77 535 *13 1962
Gary
John Philip
Pat
Amount furnished by petitioner
$ 990.00
$ 990.00
$1,420.00
Amount furnished by Faye and Joseph 2,007.65
1,954.15
1,839.38
Total support
$2,997.65
$2,944.15
$3,259.38
1963
Gary
John Philip
Pat
Amount furnished by petitioners
$1,068.33
$1,078.33
$1,098.33
Amount furnished by Faye and Joseph
1,867.86
1,867.86
1,867.86
Total support $2,936.19
$2,946.19
$2,966.19 Ultimate Finding of Fact Petitioners did not provide more than one-half of the total support for Gary, John Philip, or Pat during 1961, 1962 or 1963. Opinion The question presented is whether petitioners are entitled to dependency exemptions under sections 151(a), (e)(1), and 152(a) *199 for the years 1961, 1962, and 1963 for the three minor children of petitioner Fred T. Wiese, Jr. The respondent's sole argument is that petitioners are not entitled to the exemptions because they fail to meet the statutory test. Section 152(a) defines the term dependent (for our purposes) as a son or daughter of the taxpayer "* * * over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Petitioners have the burden to establish not only the amounts they contributed to the support of the children, but also that those amounts exceeded one-half of the total support provided for each child in any given year. ; . Although petitioners need not conclusively prove the precise or exact total cost of the support of each child, they must supply us with convincing evidence that the amount they provided exceeded one-half of such total support. . Our findings of fact reflect the amounts contributed by petitioners for the support of each child in each year. Those findings *200 are the result of petitioner's proof and respondent's concession on brief that petitioners' contentions as to their own contributions should be upheld. Petitioners claim an amount for "shelter" even though they did not have custody of the children, and the children were merely visiting Fred from time to time. The amount is too small to have significant bearing on the overall determination and we have made our findings accordingly to reflect respondent's concession. We recognize, as respondent points out in his brief, that, if contested, some of the items conceded here would not properly be allowed. Even though there is no dispute in regard to petitioners' claimed contributions to the support of the children, they have nevertheless failed to meet their burden of proving that their contributions constituted more than one-half of the total support of any of Fred's children during any of the years in question. The facts clearly establish that Faye and Joseph contributed more than one half of the support of each child in each year. We must accordingly conclude that petitioner did not contribute an amount which exceeded one-half of total support of *201 the children. Since petitioners have not met their burden of proof for any of the children in any of the years, we conclude that the respondent's determinations were correct and must be upheld. The parties have stipulated as to the 5 percent negligence penalty pursuant to section 6653(a), so that issue is not before us. To reflect previous agreements of the parties regarding issues not before us and to reflect any other necessary adjustments. Decisions will be entered under Rule 50. 536 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩